1  Catherine Cabalo (CA Bar No. 248198)
2  Peiffer Rosca Wolf Abdullah Carr & Kane
   4 Embarcadero Center, 14th Floor
3  San Francisco, CA 94111
   Telephone: 415.766.3592
4  Facsimile: 415.402.0058
   Email: ccabalo@prwlegal.com
5
6  *Attorneys for Plaintiff*
   *Walter Delson*
7

8              UNITED STATES DISTRICT COURT
9
              NORTHER DISTRICT OF CALIFORNIA
10

11 WALTER DELSON,                    )  Case No.
                                     )  <u>Civil Rights</u>
12           Plaintiff,              )
                                     )  COMPLAINT FOR DECLARATORY AND
13                                   )  INJUNCTIVE RELIEF AND DAMAGES
14     v.                            )
                                     )  1.  Violations of Title II of the Americans
15                                   )      with Disabilities Act of 1990 (42
                                     )      U.S.C. §§ 12101 *et seq.*)
16                                   )  2.  Violation of the Rehabilitation Act of
17 PERALTA COMMUNITY COLLEGE         )      1973 (29 U.S.C. § 794)
   DISTRICT and DOES 1-10, Inclusive,)  3.  Violations of California Government
18                                   )      Code Section 11135
           Defendants.              )  4.  Violations of the California Unruh Act
19                                   )      (Cal. Civil Code § 51 *et seq.*)
20                                   )
                                     )
21                                   )
22 ─────────────────────────────────  )
23

24         COMES NOW Plaintiff WALTER DELSON in this civil rights action and hereby

25 complains of defendant PERALTA COMMUNITY COLLEGE DISTRICT and DOES 1-10 as

26 follows:
27

28

## **INTRODUCTION**

1.      This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as "Berkeley City College," located at or about: 2050 Center Street in Berkeley, California (hereinafter the "BCC").

2.      Plaintiff WALTER DELSON ("Plaintiff") is mobility disabled and requires the use of a wheelchair.  He began classes at BCC to study American Sign Language in the Spring 2016 academic semester.

3.      At all times relevant herein and continuing, Plaintiff was denied equal protection of the law and was denied civil rights under state and federal law.  As set forth in detail herein, Plaintiff was denied rights to "full and equal" access at BCC and to the benefits of "programs, services and activities" offered by defendant PERALTA COMMUNITY COLLEGE DISTRICT (the "District") because the District's programs, services, and activities were not "accessible to and useable by" persons with disabilities, such as Plaintiff, who requires use of accessible facilities.  The denial continued despite the District having actual notice of the inaccessible conditions and demonstrating its deliberate indifference and/or intentional discrimination toward Plaintiff.  Plaintiff seeks injunctive relief to require the District to make its specified facilities accessible to disabled persons and to ensure that the "programs, services and activities" offered by the District be provided in a non-discriminatory manner to mobility disabled persons, including but not limited to: providing meaningful access to restrooms at BCC and providing reasonable accommodations regarding participation and attendance policies for classes at BCC for absences caused by the lack of functional restroom access.  Plaintiff seeks damages and injunctive relief requiring provision of access under the Americans with Disabilities Act of 1990

("ADA") and injunctive relief for full and equal access and statutory damages under California law.  Plaintiff also seeks declaratory relief and recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq.*  Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under the Unruh Civil Rights Act, California Civil Code §§ 51, 52.

5.      Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6.      This case should be assigned to the San Francisco/Oakland Division of the Northern District of California, as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## PARTIES

7.      At all times relevant to this Complaint, Plaintiff is qualified as a "person with a disability," as this term is used under California law and under federal laws, including but not limited to § 504 of the Rehabilitation Act of 1973 and Title II of the ADA.  Plaintiff is a paraplegic and requires use of a wheelchair for mobility.  He possesses a disabled parking placard and/or license plate issued by the State of California, entitling him to park in designated accessible and van-accessible parking spaces.

8.      The District and defendants Does 1-5 are public entities subject to Title II of the ADA, the Rehabilitation Act of 1973, and to all other legal requirements referred to in this

Complaint, who are the owners, operators, lessors, and/or lessees of BCC. Defendant Does 6-9 are employees and/or agents of the District and/or BCC. The true names or capacities, whether individual, corporate, associate, or otherwise of defendants Does 1-10 are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is in some manner legally responsible for the events and happenings herein referred to, which caused injury and damages to Plaintiff as herein alleged. Plaintiff prays for leave of court to amend this Complaint to show such true names and capacities when the same have been ascertained.

9.      Plaintiff does not know the relative responsibilities of the District and Does 1-10 in the ownership and operation of the facilities herein complained of, but is informed and believes, and on such information and belief alleges, that at all times mentioned herein, defendants, and each of them, were the agents, servants, employees, and representatives of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other defendants, and are responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein. All actions alleged herein were done with the knowledge, consent, approval, and ratification of each of the defendants herein, including their managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

10.      The District has discriminated against Plaintiff because BCC's restroom facilities and its policies do not comply with the requirements of the ADA and the Unruh Act. BCC's restroom facilities and policies violate the ADA's program access requirements because they do

not provide meaningful and equal access to restrooms at BCC.  BCC's designated "accessible" restrooms are consistently used by able-bodied persons, precluding use of these restroom stalls by Plaintiff and other mobility-disabled persons.  The District has violated the ADA's requirements regarding equal access by, *inter alia*, failing to make reasonable modifications in policy and practice.  The District refused to make reasonable accommodations to Plaintiff (e.g. signage in all restrooms, announcements by teachers/professors at BCC reminding students that the accessible stalls are to be reserved for mobility-disabled persons, and exceptions to class attendance policies that affect Plaintiff's grades).  As a result of these barriers, Plaintiff has been denied meaningful and equal access to BCC and his classes at BCC.  The District failed to make reasonable accommodations for Plaintiff, even though doing so is feasible and readily achievable given the District's resources.

11.     The District has knowingly and intentionally denied persons with mobility disabilities the full and equal enjoyment of its businesses, services, privileges, advantages, and accommodations.  The District has engaged in this discriminatory conduct despite the fact that its services could easily be brought into compliance with the ADA and the Unruh Civil Rights Act, and despite the fact that the District is and has been fully aware that its conduct and practices have and continue to cause harm to persons with mobility disabilities including segregation and exclusion.  The foregoing violations of the ADA and the Unruh Civil Rights Act are illustrated by the experiences of Plaintiff, which are set forth in the paragraphs below.

12.     Plaintiff has visited BCC as a student multiple times in the last two years and encountered numerous barriers (both physical and intangible) that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges and accommodations offered at BCC.

13.     Plaintiff started taking classes at BCC to learn American Sign Language ("ASL") in the Spring 2016 academic semester.  He continued taking ASL classes in the Summer 2016 intersession, Fall 2016 semester, Spring 2017 semester, Summer 2017 intersession, and Fall 2017 semester.

14.     There is a men's restroom on each floor of BCC, which generally includes urinals, one stall that appears to be an appropriate size as a disabled-accessible stall (referred to herein as the "larger stall"), and multiple smaller, non-accessible stalls.  Upon information and belief, most of the men's restrooms at BCC are identical in layout.  Almost every time Plaintiff attempted to use the restroom at BCC, someone was using the only larger stall while the other stalls were open.  Plaintiff quickly observed that the people using the larger stall were able-bodied and did not have need for the larger stall.

15.     Because of the long periods of time that Plaintiff consistently had to wait to use the only larger stall in the restroom, he missed significant class time and soiled himself while waiting for the larger stall to become available.  In October 2016, he spoke with Lynn Massey from BCC's Disabled Students Program and Services ("DSPS") office about this issue, and she suggested using the restrooms on the basement level.  Unfortunately, the time it would take to use the elevators to get to the basement is prohibitively long and traveling to another floor is not a good strategy because the larger stall on other floors may also be occupied.

16.     Plaintiff was enrolled in classes ASL 52 and ASL 200 during the Spring 2017 semester and ASL 202B during the Summer 2017 intersession.  All of these ASL classes were located on the second floor of BCC.  Plaintiff was enrolled in class ASL 57 during the Fall 2017 semester, which was located on the fourth floor of BCC.

17.     On January 30, 2017, Plaintiff attempted to use the restroom on the second floor

6

Complaint

where his class was located, and he found another able-bodied person using the larger stall although the other two non-accessible stalls were available. Realizing that he did not have time to make it to another restroom, he decided to wait for this person to finish. Unfortunately, the person took so long that Plaintiff urinated on himself. He was forced to miss class to head home to clean himself up.

18.     Realizing that the consistent issues he was experiencing with the restrooms were affecting his ability to attend class, Plaintiff addressed the issue with DSPS again. The DSPS office told him "that's just the way it is" and left him with the card of the DSPS coordinator. The DSPS office again told Plaintiff to use a restroom on another floor. As noted above, this recommendation is ineffective, as the floors are similarly situated, with only one larger stall per restroom. Plaintiff encountered the same problem in restrooms on other floors of BCC.

19.     On January 31, 2017, Plaintiff emailed Brenda Johnson, the Dean of Student Support services at BCC, to address the restroom issues with her. Ms. Johnson referred Plaintiff to Windy Franklin, Dean of Counseling and DSPS at BCC. Ms. Franklin and Plaintiff arranged to meet in person on February 1, 2017 to discuss the restroom issues before Plaintiff's class that day.

20.     During his February 1, 2017 meeting with Ms. Franklin, Plaintiff explained the difficulties he was consistently having trying to use the restroom at BCC. He explained that using a restroom on a different floor is not feasible because negotiating the elevator is prohibitively long, and previous attempts at using this strategy often ended up with the same result: the only larger stall was in use, while the others remained empty. He would lose significant class time and, in some cases, may not be allowed to enter class if he showed up or returned late. After meeting with Plaintiff, Ms. Franklin sent an email to Plaintiff's ASL

professor, Gerardo Di Pietro, and the ASL program coordinator, Ivanetta Ikeda, asking them to support Plaintiff for any unexpected absences as BCC tried to resolve this issue.  Ms. Franklin indicated in her email to Mr. Di Pietro and Ms. Ikeda that she had contacted BCC's "Facilities Manager to see if there is anything that can be done to effectively address the issue."  Plaintiff did not receive any follow-up communication from Ms. Franklin or anyone from BCC about what the Facilities Manager said or any other policy changes at BCC.

21.    On February 14, 2017, Plaintiff experienced another issue with the restroom, which forced him to miss class again.  He emailed Ms. Franklin to alert her of the incident, find out what BCC was doing to remedy the restroom situation, and propose some solutions, including having the professors teaching on the same floor as his classes make an announcement in their classes asking students to reserve the larger stall for wheelchair/disability access.  He copied Ms. Ikeda and Mr. Di Pietro on his email to Ms. Franklin.  Ms. Franklin responded that after discussing the issue with her supervisor and the Director of Buildings and Maintenance, the only option was to place signs on the larger stall doors of the restrooms.  She said that she would let Plaintiff know when the signs were posted.  She did not address Plaintiff's other request to have professors on the second floor make an announcement to their classes.

22.    Ms. Franklin did not alert Plaintiff when a sign was put up.  On February 27, 2017, Plaintiff noticed that a sign asking restroom users to reserve the larger stall for wheelchair users was taped to the larger stall in the men's restroom on the second floor.  He did not see signs posted in restrooms on the other floors of BCC.  The sign on the second floor was ink-jet printed on a plain sheet of 8.5" x 11" paper.  The sign got wet, which made the ink run, and it was defaced by graffiti.  Ultimately, the sign didn't last long and was taken down.

23.    On May 1, 2017 at approximately 8:30 p.m., Plaintiff went to use the restroom on

the second floor.  A person was using the larger stall, while the other two stalls were empty.

Plaintiff asked the person in the larger stall to please change stalls so that he could use the only

larger stall on the floor.  The person refused to change stalls and an argument ensued.  After the

person exited the stall, he pushed Plaintiff from behind so hard that Plaintiff flew out of his

wheelchair onto the urine-soaked floor.  Plaintiff sat on the floor for about 10-15 minutes while

he struggled to get back in his wheelchair.  He was unable to get back into his wheelchair and

fell several times during his attempts.  A campus security guard entered the bathroom and tried

to lift him back into his wheelchair but was unsuccessful.  Finally, three students lifted him back

into his wheelchair.  Bruised, soiled from the urine-soaked floor, shaken up and fearful of a

future altercation with the attacker, humiliated, and embarrassed, Plaintiff filed a complaint with

campus security and the Berkeley Police Department that night.

24.     On May 2, 2017, Plaintiff emailed Ms. Franklin to alert her of the attack in the

restroom and to complain about BCC's lack of action to correct these issues that would have

prevented the incident from happening.  Ms. Franklin responded that BCC "can't mandate who

uses the stalls."  She requested to meet with Plaintiff again to tour the campus "to identify other

strategies to support" Plaintiff and other students who use wheelchairs.  Plaintiff explained that

restrooms on other floors may have the same problem (i.e. the only larger stall is consistently

used by able-bodied persons while the other stalls remain open) and that it is absurd to expect a

student with a mobility disability to travel around the building to search for an available larger

stall.  Ms. Franklin responded again that BCC "can't mandate students vacate a certain stall or

choose another stall because another student needs it."

25.     Neither the Dean of Students nor anyone else from BCC contacted Plaintiff to

inquire as to his safety or well-being, to propose any other solutions regarding the restroom

issues at BCC, or to follow up regarding BCC's investigation into the attack on Plaintiff that took place in the restroom.

26.     In early August 2017, Plaintiff received his grade for Fingerspelling and Numbers II (ASL 202B) that he took during the Summer 2017 semester.  Plaintiff was penalized for his absences caused by the restroom incidents at BCC.  But for the C- his teacher gave him for "Attendance/Participation" (noting specifically three absences), Plaintiff would have received an A in the class instead of the B+ he ultimately received.

27.     Frustrated that the access issues at BCC had officially affected his grades, Plaintiff emailed Ms. Franklin on August 13, 2017.  He described his lowered grade in ASL 202B and his similar experience in Classifiers II (ASL 200B) that he took the prior semester (i.e. lowered grade due to absences caused by the restroom issues at BCC).  He explained that he tried to reach out to his teachers to discuss the effect of the restroom issues on his grades, but that he had not received a response.  He also asked why BCC had not followed up with him about the May 1st restroom incident, highlighting that BCC's campus security assured him that they would review the security camera footage and identify the person that attacked him.

28.     In an email response the next day, Ms. Franklin recommended that if Plaintiff "[felt] strongly enough about the grade," that he contact the ASL program coordinator.  Ms. Franklin noted that she was copying Ms. Johnson, who "may have more information regarding any BCC follow-up to the incident which led to the physical altercation in the restroom."

29.     Ms. Johnson replied, "signage noting priority stall usage will be posted in each restroom."  She provided no information to Plaintiff about the status of BCC's investigation of the May 1st restroom incident other than to refer him to "District Risk Management."

30.     Plaintiff asked Ms. Johnson and Ms. Franklin about whether permanent signage

would be placed in all restrooms at BCC, as he noticed a sign was placed in the second floor restroom only, and the sign was quickly covered with graffiti and removed after a short time. Plaintiff also inquired about his original request to have teachers at BCC make a quick announcement before each class reminding students to reserve the larger stalls on each floor for wheelchair users and people who really need them.  Ms. Johnson responded that BCC was "working on permanent signage."  Neither she nor Ms. Franklin responded to Plaintiff's repeated request that teachers make announcements about the restrooms at the beginning of their classes.

31.     On August 21, 2017, Plaintiff emailed his ASL 202B teacher, Sandra Germinaro, and copied Ms. Franklin and Ms. Ikeda, to discuss the effect his absences had on his grade.  Ms. Germinaro responded on August 23, 2017, reiterating her participation and attendance policy and indicating that she did not receive any information about Plaintiff's absences related to access issues at BCC.  Plaintiff's further communication with Ms. Ikeda on this email thread revealed that no one from BCC alerted Ms. Germinaro about Plaintiff's access issues with the restroom or his requests for accommodation regarding his absences and educating students to reserve larger stalls for those who need it.

32.     Plaintiff's September 6, 2017 responsive email to Ms. Ikeda states in relevant part:

> These issues have not been resolved, and I am still experiencing the same access issues as I was in the spring semester, as well as previous semesters.  I thought that since you are the coordinator for the ASL program, you would have made Sandra aware of the situation.  If you were concerned about respecting my privacy, you did not need to tell Sandra the details of the assault, etc.  You simply could have told her that due to access issues I am experiencing at BCC, I may not be able to attend each class.
>
> I think it is unfair to be penalized for an access issue that is completely beyond my control, and that you, as the coordinator of the program, have been aware of.  I am also surprised that you say my disputing the grade is without merit!  I *earned* an A in the coursework, and only received a B+ for the course

because I missed classes due to the inadequate restroom access at BCC.  That grade is not an accurate reflection of my skill level and mastery of the class.

I do not feel the need to discuss this matter with you further, unless you are willing to change my grade.  In fact, in light of my numerous negative experiences, and lack of support from BCC, I have been wondering whether I should continue in this program...

33.     Several weeks passed without any response to Plaintiff's September 6, 2017 email.  He felt ultimately defeated by his experience at BCC and the level of disregard by administrators and staff.  He also continued to experience problems accessing the restroom.  Angry, frustrated, and unable to endure more discrimination at BCC, Plaintiff decided to drop out of the ASL program.  He was enrolled in Structure of American Sign Language (ASL 57) at the time during the Fall 2017 semester but dropped the class because of the continued access barriers at BCC.

34.     On September 30, 2017, Ms. Ikeda emailed Plaintiff to let him know that Ms. Germinaro was willing to change Plaintiff's grade.  Ms. Ikeda did not disclose why it had taken her almost *four weeks* to respond to Plaintiff.

35.     Plaintiff alleges continuous and ongoing discrimination.  Plaintiff has been injured by being deterred from visiting BCC and continuing his education there for all times occurring after the filing of this Complaint to the time of final judgment.

36.     The barriers described above in paragraphs 11-35 are only those that Plaintiff encountered.  He is presently unaware of other barriers which may in fact exist at BCC and relate to his disabilities.  Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is his intention to have all barriers which exist at BCC and relate to his disabilities removed to afford him full and equal access.

37.      Plaintiff's numerous complaints to the District's employees and representatives

Complaint

have been ignored.  Plaintiff alleges that it would be a futile gesture to provide further notices of violations relating to his continuous visits and deterrence and retaliation by the District, which are certain to occur on a regular basis following the filing of this Complaint.  Therefore, Plaintiff reserves, and will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

38.     The District knew, or should have known, that these policies, elements, and areas of BCC were inaccessible, violate state and federal law, and interfere with or deny access to the physically disabled.  Moreover, the District has the financial resources to remove these barriers and implement policy changes without much difficulty or expense, and make BCC accessible to the physically disabled.  To date, however, the District refuses to remove these barriers and make such changes.

39.     GOVERNMENT CLAIM FILED – On or about June 19, 2016, Plaintiff served a claim on the District. As of the date of this Complaint, the District has not responded to Plaintiff's claims, deeming them rejected.

40.     Plaintiff's goal in this suit is a positive one: to make BCC accessible to all persons alike (regardless of their physical condition).

**FIRST CLAIM:**
**VIOLATION OF THE ADA, TITLE II**
**[42 USC §§ 12201 *et seq.*]**

41.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

42.     Effective January 26, 1992, Plaintiff was entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990.  Title II, Subpart

A prohibits discrimination by any "public entity", including any state or local government, as defined by 42 U.S.C. § 12131.

43.     Pursuant to Title II of the ADA (42 U.S.C. § 12132), no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity.  Plaintiff was at all times relevant herein a qualified individual with a disability as defined by the ADA.

44.     Public entity defendant District has failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described herein, including failing to ensure that BCC is properly accessible to disabled persons; failing to ensure that related public facilities and public accommodations, as described herein, are accessible to disabled persons; failing to remove known architectural barriers at the subject facilities so as to make the facilities "accessible to and useable by" disabled persons; and/or modify its programs, services and activities to make them accessible to disabled persons, including Plaintiff.  As a proximate result of the District's actions and omissions, Plaintiff was discriminated against in violation of Title II of the ADA and of the regulations adopted to implement the ADA.  Plaintiff suffered damages, compensable under Title II for intentional acts of the District, including deliberate indifference, and has suffered physical, mental and emotional damages, including difficulty, discomfort or embarrassment.

45.     Per § 12133 of the ADA, as a result of such discrimination, in violation of § 12132 of the ADA, Plaintiff is entitled to the remedies, procedures and rights set forth in Section 505 of the Rehabilitation Act of 1973 (29 USC § 794a).

46.     On information and belief, to the date of filing this Complaint the specified public facilities continue to be inaccessible for safe and independent use by physically disabled persons such as Plaintiff.  Plaintiff is unable, so long as such acts and omissions of the District continue, to achieve equal access to and use of these public buildings and facilities, and cannot return to

properly use these facilities until they are made properly accessible to disabled persons.  Plaintiff alleges that he intends to do so, once legally required access has been provided.  The acts of the District have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

WHEREFORE, Plaintiff requests relief as outlined below.

### SECOND CAUSE OF ACTION:
### VIOLATION OF THE REHABILITATION ACT OF 1973
### [29 U.S.C. § 794]

47.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

48.    Upon information and belief, at all times relevant to this action, the District and Does 1-5 were recipients of federal funding within the meaning of the Rehabilitation Act.  As recipients of federal funds, they are required to reasonably accommodate persons with disabilities in their facilities, programs, and activities.

49.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act. 29 U.S.C. § 705.

50.    By its policies and practices of discriminating against and failing to reasonably accommodate patrons with mobility disabilities, the District violated Section 504 of the Rehabilitation Act.  29 U.S.C. § 794.

51.    As a result of the District's discrimination and failure to provide reasonable accommodations, Plaintiff and others with disabilities do not have equal access to the activities, programs, and services at BCC for which they are otherwise qualified.

52.    Plaintiff's injuries are ongoing so long as the District does not modify its policies and procedures and provide fully-accessible facilities for him and other persons with similar mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 11135**

53.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

54.     Upon information and belief, the District receives financial assistance from the State of California.  Plaintiff is a person with a disability within the meaning of California Government Code section 11135.

55.     The District denied Plaintiff full access to the benefits of its programs and activities for which the District receives financial assistance from the State of California, and unlawfully subjected Plaintiff and other persons with disabilities to discrimination within the meaning of California Government Code section 11135(a) based on their disabilities.

56.     Plaintiff's injuries are ongoing so long as the District does not modify its policies and procedures and provide fully-accessible facilities for Plaintiff and other persons with similar mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

**FOURTH CLAIM:**
**VIOLATION OF UNRUH CIVIL RIGHTS ACT**
**[Cal. Civil Code §§ 51 *et seq.*]**

57.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled hereafter.

58.     The Unruh Civil Rights Act, California Civil Code 51(b), provides that:

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

59.     The District is a business establishment within the meaning of the Unruh Act. The District is an owner and operator of a business establishment.

60.     The District violated the Unruh Act by its acts and omissions, as follows:

      A.     Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, and/or services of BCC;

      B.     Violation of the ADA, a violation of which is violation of the Unruh Act. Cal. Civil Code § 51(f).

61.     Plaintiff has experienced numerous barriers to access at BCC, as well as barriers related to BCC's policies and procedures, all of which have caused him major difficulty, discomfort and embarrassment.  Plaintiff suffered physical, mental and emotional damages, including statutory and compensatory damages, according to proof.

62.     Further, on information and belief, BCC and its premises are also illegally inaccessible in multiple other respects.  The barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s), per the Ninth Circuit's standing standards under *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008) and *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) (*en banc*).  These barriers to access render BCC and its premises inaccessible to and unusable by persons with mobility disabilities.  All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint to obtain full injunctive relief as to those barriers that limit or deny full and equal access to persons with similar mobility disabilities.

63.     Further, each violation of the ADA (as pled in the First Claim, *supra*, the contents of which are repled and incorporated herein as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code § 52(a).

64.     With respect to the District's violations of the Unruh Act that are not predicated on violations of the ADA, the District's behavior was intentional: it was aware of and/or was made aware of its duties to refrain from establishing discriminatory policies and barriers that prevent persons with mobility disabilities like Plaintiff's from obtaining full and equal access to the District's programs and facilities.  The District's discriminatory practices and/or policies that deny full enjoyment of its facilities to persons with physical disabilities indicate actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals.  Plaintiff complained on several occasions to BCC, to no avail.  Accordingly, the District has engaged in willful affirmative misconduct in violating the Unruh Act.

65.     On information and belief, the access features of BCC and its policies and procedures have not been improved since Plaintiff's most recent visit to the campus.  Plaintiff's injuries are ongoing so long as the District does not modify its policies and procedures and provide fully-accessible facilities for Plaintiff and other persons with similar mobility disabilities.

66.     At all times herein mentioned, the District knew, or in the exercise of reasonable diligence should have known, that its barriers, policies and practices at BCC violated disabled access requirements and standards, and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but the District failed to rectify the violations,

and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly-situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

## PRAYER

1.     Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the District as alleged herein, unless Plaintiff is granted the relief he requests.  Plaintiff and the District have an actual controversy and opposing legal positions as to the District's violations of the laws of the United States and the State of California.  The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff prays for judgment and the following specific relief against the District:

2.     Issue a declaratory judgment that the District's actions, omissions, and failures, including but limited to: failing to provide meaningful access to restroom facilities at BCC and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities, violate the rights of Plaintiff and other similarly situated persons under 42 U.S.C. §§ 12101 *et seq.* and the regulations promulgated thereunder and California Civil Code §§ 51 *et seq.*

3.     Issue an order enjoining the District, its agents, officials, employees, and all persons and entities acting in concert with it:

      a.   From continuing the unlawful acts, conditions, and practices described in this Complaint;

      b. To provide reasonable accommodation for persons with disabilities in all its programs, services, and activities at BCC;

c. To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at BCC;

d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including without limitation the provision of meaningful access to restroom facilities at BCC;

e. To maintain such accessible facilities once they are provided;

f. To train BCC employees and agents in how to accommodate the rights and needs of physically disabled persons;

g. To implement nondiscriminating protocols, policies, and practices for accommodating persons with mobility disabilities.

4.    Retain jurisdiction over the District until the Court is satisfied that the District's unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

5.    Award to Plaintiff all appropriate damages, including but not limited to statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6.    Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. § 12205; the Unruh Civil Rights Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5.

7.    Award prejudgment interest pursuant to California Civil Code § 3291;

8.    Interest on monetary awards as permitted by law; and

9.    Grant such other and further relief as this Court may deem just and proper.

Dated: December 29, 2017          PEIFFER ROSCA WOLF ABDULLAH CARR & KANE

*/s/ Catherine Cabalo*

BY: CATHERINE CABALO
Attorneys for Plaintiff
WALTER DELSON

## **DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: December 29, 2017          PEIFFER ROSCA WOLF ABDULLAH CARR & KANE

*/s/ Catherine Cabalo*
BY: CATHERINE CABALO
Attorneys for Plaintiff
WALTER DELSON